UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA DAWN DOWLING,<br><br>    Plaintiff(s),<br><br>v.<br><br>HOOVER SLOVACEK LLP LAW,<br><br>    Defendant(s). | Case No. 2:24-cv-01101-GMN-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is an order for Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 3. Although the Court thereafter received a notice from Plaintiff, Docket No. 4, the Court has not received a response addressing the jurisdictional issues raised in the order to show cause.[1]

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff has not established subject matter jurisdiction.  The complaint specifies that the Court's jurisdiction is predicated on the existence of a federal question, Docket No. 1-1 at 3, but the complaint then leaves blank the section of the complaint requiring the identification of the specific federal statute, treaty, or constitutional provision at issue in the case, *see id.*  Moreover, the complaint does not clearly identify the claim(s) that Plaintiff is bringing nor the factual basis on which such claims are founded.  *But see* Fed. R. Civ. P. 8(a)(1) (requiring complaints to include a short, plain statement).  Lastly, Plaintiff did not provide any response to the order to show cause specifying a basis on which this Court can exercise subject matter jurisdiction over this case.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** for lack of subject matter jurisdiction.

Dated: July 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).